[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

No. 04-16727

D. C. Docket No. 02-61091-CV-KAM

MICHALE E. ROY,

Plaintiff-Appellant,

versus

BROWARD SHERIFF'S OFFICE,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(December 22, 2005)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Michale E. Roy appeals the district court's grant of summary judgment in

favor of the Broward Sheriff's Office ("BSO") on his federal and state racial

discrimination employment claims filed pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e -2, and the Florida Civil Rights Act ("FCRA"), Florida Statues § 760.01, et seq. Roy was terminated for misconduct because he engaged in the traffic stop of a woman, Anna Ericksson, for personal reasons while wearing his uniform and driving a police car.

He raises two arguments on appeal. First, Roy argues that the district court erred in granting BSO's motion for summary judgment on the basis that he failed to meet his burden to show the existence of a similarly situated employee. Originally, Roy alleged that he had found 33 similarly situated employees. He has now conceded that 27 of these employees are not true comparators because they were charged under different provisions of BSO's Policy and Procedures Manual. Therefore, Roy's argument is restricted to the six employees charged under the same provisions as him.

Second, Roy argues that the district court erred in determining that he failed to show that BSO's proffered reason for terminating his employment was pretextual. Because we conclude below that Roy has failed to establish the similarly situated prong of the prima facie case, and because Roy failed to adduce any other evidence of discrimination and failed to raise a genuine issue of fact as to the credibility of BSO's reason for terminating him, we also reject this argument without need for further discussion.

A district court's grant of a summary judgment motion is subject to plenary review. HCA Health Servs. of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Summary judgment is properly granted when the moving party has demonstrated that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Id. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). We "construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party." HCA Health Services, 240 F.3d at 991.

Claims of employment discrimination pursuant to FCRA § 760.01, et seq., are construed in the same manner as Title VII claims. See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (citing Ranger Ins. Co. v. Bal Harbour Club, Inc., 549 So.2d 1005, 1009 (Fla.1989); Florida State Univ. v. Sondel, 685 So.2d 923, 925 n.1 (Fla.Dist.Ct.App.1996); Gray v. Russell Corp., 681 So.2d 310, 312 (Fla.Dist.Ct.App.1996)).

The Supreme Court has used the burden-shifting framework set forth in

3

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), to evaluate claims of indirect evidence of discrimination in employment actions. First, the plaintiff in a Title VII case carries the burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp, 411 U.S. at 802, 93 S.Ct. at 1824. In this case Roy seeks to establish a prima facie case by showing that he: (1) belongs to a protected class; (2) was qualified to do his job; and (3) was treated less favorably than similarly situated employees outside of the protected class. Lathem v. Dep't of Children and Youth Servs., 172 F.3d 786, 792 (11th Cir. 1999).

The two employees must be "similarly situated in all aspects." Holifield v. Reno, 115 F.3d 1555, 1563 (11th Cir. 1997). "[T]he plaintiff must show that the comparator employees are 'involved in or accused of the same or similar conduct' yet are disciplined in a different, more favorable manner." Anderson v. WBMG-42, 253 F.3d 561, 564 (11th Cir. 2001) (quoting Holifield v. Reno, 115 F.3d at 1562). We have stated that "[i]f a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Holifield, 115 F.3d at 1562.

In determining whether employees are similarly situated, it is necessary to consider whether they were involved in or accused of the same or similar conduct

4

but disciplined in different ways.  Silvera v.  Orange County School Board, 244 F.3d 1253, 1259 (11th Cir.  2001) (citations and quotations omitted).  The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed.  See id. at 1259.  We note that Roy conceded in his deposition that he knew of no other BSO employee who had been involved in a traffic stop for personal reasons. This admission suggests that it will be difficult for Roy to find a similarly situated employee.

Two of the employees charged with "Discretion" and/or "Abuse of Position or Identification," Royer, and Osteen, clearly were not similarly situated. Specifically, Roy acknowledged before the district court that Royer was terminated and that the charges against Osteen were not sustained.  Roy presents no facts about the underlying offenses for two more employees, Kirkpatrick and Loperfido. Roy's evidence tells us nothing about the seriousness or the nature of either Kirkpatrick's or Loperfido's misconduct. We only know that these employees violated the same general provisions of the BSO Manual as Roy did. We know nothing of their specific misconduct. Consequently, we cannot find them to be similarly situated comparators.[1]

---

[1]Roy makes a technical argument in his brief on appeal, urging us to remand because the district court based its ruling on a ground not raised by BSO in its motion for summary judgment – i.e., Roy's failure to adduce evidence that his alleged comparators were similarly situated. We

The two remaining employees are Deputy Roberto Mora and Sergeant Glen Topping. Mora's misconduct does not render him a similarly situated comparator. His misconduct took place in the course of his employment while he was attempting to subdue an inmate during a cell check.  It consisted of excessive physical force, while Roy's misconduct did not relate to dealing with an inmate or using force. Mora's misconduct was related to his law enforcement duty, whereas Roy's misconduct was purely personal. Accordingly, Mora's misconduct was not sufficiently similar to Roy's to make them similarly situated comparators, even for purposes of summary judgment.  See Vessels, 408 F.3d at 769; Silvera, 244 F.3d at 1259.

Sergeant Topping is the closest of the potential comparators, and the district court spent much of its opinion considering whether Topping and Roy were similarly situated. We agree with the district court that they are not. Specifically, Roy's misconduct consisted of stopping a woman in his police car after dark for personal reasons.  Topping's misconduct, a traffic incident, is not sufficiently

reject Roy's argument. Contrary to Roy's suggestion, BSO's motion and its supporting briefs did fairly raise the ground upon which the district court relied, incidentally a ground which was obvious in this fully developed summary judgment record. The circumstances here do not warrant affording Roy a second bite at the apple to adduce new evidence long after discovery has been closed, especially in the absence of any indication that Roy has such evidence, or was foreclosed from adducing his evidence at the appropriate time, or otherwise was misled as to his obligation.

similar because he was not wearing his uniform, was in a private vehicle, and his misconduct related to directing subordinates to expedite various law enforcement actions that a private citizen would have been unable to accomplish. Most of Topping's misconduct involved making inappropriate demands on subordinates within the police department. Roy, on the other hand, exerted his authority over a foreigner visiting from Sweden. Moreover, Topping's misuse of authority had at least some relation to law enforcement purposes. Roy acknowledges that he had no law enforcement purpose when he pulled Eriksson over. Topping's other instance of misconduct, sexually harassing a coworker, is completely dissimilar. Topping is not similarly situated to Roy.

Topping and Roy also are not similarly situated because of their differences in rank and length of service. Topping had served over sixteen years with BSO at the time of his incident. Roy had worked for BSO for less than eighteen months. Sergeant Topping was of higher rank than Deputy Roy. Topping was demoted for his misconduct. Roy could not be demoted, because he was already at the lowest rank.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of BSO.

**AFFIRMED.**[2]

---

[2]Appellant's request for oral argument is denied.